The Honorable Gilbert Baker State Senator 17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
I am writing in response to your request for my opinion on the following questions:
 1. Once a state agency has promulgated regulations which include eligibility criteria, does the state agency have the authority, without going back through the process required under the Arkansas Administrative Procedure Act, to employ more restrictive criteria to disallow services to persons who meet the promulgated standards?
 2. If the answer to question #1 is "Yes," must the state agency provide notice to the persons formerly eligible under the promulgated standards or to the agencies providing services under the promulgated regulations or both, and if so, what notice must be given?
 3. If the answer to question #1 is "Yes," does the state agency have the authority to retroactively disallow services so that payments for services provided under the promulgated regulations are disallowed or ordered repaid or both?
Your request is made on behalf of the Faulkner County Day School, Inc. (the "Day School"), which has separately submitted a memorandum detailing its complaints. The Day School reports it is "licensed and/or certified to do early intervention and early childhood services for children birth — five who meet the DDS [Division of Developmental Disabilities Services] eligibility standards (AR Code 20-48-101 ff; DDS Policy 1035)." At issue is the recent decision of the Division of Medicaid Services ("DMS") to require prior authorization of services to developmentally disabled children based upon review by a private contractor, the Arkansas Foundation for Medical Care ("AFMC"). The Day School complains:
 These professionals, in their zeal to reduce expenditures as their contracting agency expects, are trampling the rights of children to receive services guaranteed them under 34 CFR Part 303, and they have stated publicly in meetings that they are not aware of these laws and regulations, nor do they care. They have further stated that they will not change their procedures for evaluating prior authorization requests, unless Medicaid tells them to.
In essence, the Day School maintains that AFMC is flouting accepted standards for determining Medicaid eligibility at the expense of needy children and Medicaid providers.
RESPONSE
The application and formulation of DHS rules to establish eligibility for early intervention and early childhood services under Medicaid is currently at issue in the pending case of Whitaker v. Pryor et al., Case No. 4-01 CV00116GH (E.D. Ark. 2001), in which I am a defendant. As a matter of policy, this office has consistently declined to issue opinions on matters that are the subject of pending litigation. Consequently, I must respectfully decline to address your questions.
Sincerely,
MARK PRYOR Attorney General
MP:cyh